UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK MARCELLO ANTONETTI | CIVIL ACTION |
| VERSUS | NO: 21-294 |
| WALMART, INC. | SECTION: "A" (2) |

## **ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 6)** and **Motion to Stay Discovery (Rec. Doc. 7)** filed by the defendant, Walmart, Inc. The pro se plaintiff, Frank Marcello Antonetti, opposes the motions.[1] The motions, noticed for submission on September 1, 2021, are before the Court on the briefs without oral argument.

This case arises out Plaintiff's dissatisfaction with the level of customer service that he has experienced at the Walmart Supercenter on Chef Menteur Highway from 2018 until at least the date that he filed this lawsuit on February 11, 2021. Plaintiff is a 60-year old white male and he believes that he has experienced "white prejudice" from the store's "black skinned" employees. Some examples of the employees' lack of interest in helping the plaintiff to get service include difficulties in having a staff member produce keys to unlock a display case containing the underwear that the plaintiff wanted to try on; and last summer one young black man who worked at Walmart refused to go

---

[1] The document that Plaintiff filed in response to the motion to dismiss is called a "Motion of [sic] Continue With the Law Suite [sic]" (Rec. Doc. 8). The Court construes this filing as an opposition to the pending motion to dismiss.

1

outside to get a shopping cart for the plaintiff, making the excuse that it wasn't his job to do that. After consulting with friends who are also white, and considering comments that he received via social media, Plaintiff is convinced that his problems at the Gentilly Walmart are due to white prejudice.

Although Plaintiff is not represented, he states that his lawyer told him that he has a good case and that the insults that he endured at Walmart should be worth about $25,000 each. Plaintiff is more inclined to believe, however, that the insults that he endured at Walmart should garner him one million dollars each, for a total award of four million dollars. Plaintiff will not seek, however, additional recovery for attorney's fees.

Walmart now moves to dismiss the lawsuit pursuant to Rule 12(b)(6) arguing that Plaintiff does not allege facts sufficient to state a claim for relief under any legal theory. Moreover, given that some of Plaintiff's complaints date back to 2018, even if the facts did support a claim under a valid legal theory, certain stale claims would be time-barred.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light

most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

As Walmart points out in its motion to dismiss, Plaintiff does not cite to any federal or state law that would provide a cause of action for the racial discrimination claim that he wants to pursue. If Plaintiff intended to rely on 42 U.S.C. § 1981,[2] which

---

[2] Section 1981, Equal Rights Under the Law, reads as follows:
   **(a) Statement of equal rights**
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   **(b) "Make and enforce contracts" defined**
   For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

   **(c) Protection against impairment**
   The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.
42 U.S.C. § 1981.

redresses discrimination based on race, he cannot make out a prima facie case because he is not a member of a racial minority. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)). But even assuming that § 1981 can be relied upon to redress racial discrimination when the aggrieved party is black or white, *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981) (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976); *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 295 (1976); *Johnson v. Railway Express Agency*, 421 U.S. 454, 459-60 (1975)), the conduct that Plaintiff is complaining about does not encompass the activities protected by the statute. *Body by Cook*, 869 F.3d at 386 (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)). And 42 U.S.C. § 1983 does not apply because Walmart is not a state actor and was not acting under color of state law during any of the complained-of events.[3] Furthermore, as Walmart points out, the factual allegations describing Plaintiff's interactions with the Walmart associates, which are described in detail, do not include anything that would objectively suggest racial animus. In other words, the allegations offer nothing to suggest that Plaintiff would have been treated any better by the employees had he not been white or had he been of their same race, whatever that may be.

---

[3] In his "opposition," Plaintiff refers to the First and Sixth Amendments. The Court can discern no scenario in which those amendments would apply to the conduct that Plaintiff is complaining about. But again, Walmart is not a governmental actor so the point is moot.

While Walmart's contention about the untimeliness of some of the complaints is correct, that contention is moot as is Walmart's request to stay discovery.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by the defendant, Walmart, Inc. is **GRANTED.** The complaint filed by Frank Marcello Antonetti in proper person is **DISMISSED WITH PREJUDICE**. A final judgment shall be entered in favor of the defendant and against the plaintiff.

**IT IS FURTHER ORDERED** that the **Motion to Stay Discovery (Rec. Doc. 7)** filed by the defendant, Walmart, Inc. is **MOOT**.

August 27, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE